IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01044-WDM-KLM

JOSEPH J. MANN, and
BEVERLY MANN,

    Plaintiff(s),

v.

STATE OF COLORADO,
THE FIRST JUDICIAL DISTRICT,
DAVID R. GLOSS, individually and in his official capacity,
STEPHENIE D. LORIMER,
MARY MUNGER, individually and in her official capacity,
JANET YOUNG, individually and in her official capacity,
THE CITY OF LAKEWOOD, COLORADO,
MARY LOGAN, individually and in his official capacity,
STEVE KUTCHER, individually and in his official capacity,
GERI-CARE, INC.,
CARLA MARTIN, individually and in his official capacity,
GOLDEN POND SENIOR LIVING, LLC,
FREDERIC B. ROGERS, individually and in his official capacity,
JAMES D. ZIMMERMAN, individually and in his official capacity,
BRIAN D. BOATRIGHT, individually and in his official capacity,
R. BROOKE JACKSON individually and in his official capacity,
WILLIAM KILPATRICK, individually and in his official capacity,
MATT JURISCHK, individually and in his official capacity,
THE CITY OF GOLDEN, COLORADO,
ENRICO GALIMBERTI, individually and in his official capacity,
DONALD TAIT,
TED MINK,
JEFFERSON COUNTY, COLORADO
JOHN S. GLEASON, individually and in his official capacity,
LOUISE CULBERSON-SMITH, individually and in his official capacity,
THE COLORADO SUPREME COURT OFFICE OF ATTORNEY REGULATION COUNSEL,
TINA L. OLSEN,
THOMAS E. VANCE,
GAYLE KING,

TROY KING,
EILEEN BIDWELL,
L. JEFFREY BIDWELL,
JOAN SCHEUMANN,   and
ERICK J. SCHEUMANN,

    Defendant(s).
_____

# RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on three sets of pleadings related to various Defendants' Motions to Dismiss (collectively, the "Motions to Dismiss"),[1] as well as

---

[1] The pleadings relating to the *first* Motion to Dismiss are as follows: Motion to Dismiss on the Basis of *Res Judicata* filed by Defendants Mary Munger, Janet Young and the City of Lakewood [Docket No. 4; Filed May 23, 2007]; Joinder and Motion to Dismiss filed by Defendant David R. Gloss [Docket No. 5; Filed May 23, 2007]; Joinder and Motion to Dismiss filed by Defendant Gayle King [Docket No. 6; Filed May 23, 2007]; Joinder in Motion to Dismiss on the Basis of *Res Judicata* filed by Defendants Golden Pond Senior Living, LLC and Carla Martin [Docket No. 8; Filed May 23, 2007]; Joinder and Motion to Dismiss filed by Defendant Stephenie D. Lorimer [Docket No. 9; Filed May 23, 2007]; Joinder and Motion to Dismiss filed by Defendant Troy King [Docket No. 10; Filed May 23, 2007]; Jefferson County Sheriff Ted Mink, Enrico Galimberti and Doug Tait's Joinder in Motion to Dismiss on the Basis of *Res Judicata* and in State of Colorado's Motion to Dismiss [Docket No. 66; Filed July 13, 2007]; Response to Motion to Dismiss on the Basis of *Res Judicata* filed by Plaintiff Beverly Mann [Docket No. 13; Filed May 24, 2007]; Supplemental Response to Motion to Dismiss on the Basis of *Res Judicata* filed by Plaintiff Beverly Mann [Docket No. 17; Filed June 5, 2007]; Reply in Support of Motion to Dismiss on the Basis of *Res Judicata* filed by Defendants Golden Pond Senior Living, LLC and Carla Martin [Docket No. 23; Filed June 12, 2007]; Reply of City of Lakewood Defendants Re Motion to Dismiss filed by Defendants City of Lakewood, Mary Munger and Janet Young [Docket No. 26; Filed June 13, 2007]; (Alternative) Sur-Reply to Replies Regarding Motion to Dismiss on the Basis of *Res Judicata* filed by Plaintiff Beverly Mann [Docket No. 45; Filed June 25, 2007]; Amended (Alternative) Sur-Reply to Replies Regarding Motion to Dismiss on the Basis of *Res Judicata* filed by Plaintiff Beverly Mann [Docket No. 46; Filed June 25, 2007].

    The pleadings relating to the *second* Motion to Dismiss are as follows: Defendant State of Colorado's Motion to Dismiss [Docket No. 50; Filed July 2, 2007]; Jefferson County Sheriff Ted Mink, Enrico Galimberti and Doug Tait's Joinder in Motion to Dismiss on the Basis of *Res Judicata* and in State of Colorado's Motion to Dismiss [Docket No. 66; Filed July 13, 2007]; Motion for Leave to File Reply to Defendant State of Colorado's Response to Plaintiff's Motion to Remand or Alternatively to Transfer Venue; Response to the State of Colorado's Motion to Dismiss filed by Plaintiff Beverly Mann [Docket No. 78; Filed July 25, 2007].

seventeen motions filed by Plaintiff Beverly Mann (collectively, "Plaintiff's Motions").[2]

Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO.L.Civ.R. 72.1.C., these matters have

---

The pleadings relating to the *third* Motion to Dismiss are as follows: Golden Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by Defendants City of Golden, Chief William Kilpatrick and Officer Matt Jurischk [Docket No. 86; Filed August 10, 2007]; Golden Defendants' Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 87; Filed August 10, 2007]; Plaintiffs' Response to Golden Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) filed by Plaintiff Beverly Mann [Docket No. 91; Filed August 24, 2007]; Golden Defendants' Reply Brief in Support of Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6) [Docket No. 106; Filed September 7, 2007].

[2] The Plaintiff's Motions are as follows: **(1)** Emergency Motion for Preliminary Restraining Orders [Docket No. 28-2; Filed June 14, 2007]; **(2)** Motion Pursuant to 28 U.S.C. §1447(C) for Remand to Denver District Court; Alternative Motion Pursuant to 28 U.S.C. §1404(A) for Transfer to Another United States District Court [Docket No. 29; Filed June 14, 2007]; **(3)** Emergency Motion Pursuant to Federal Rule of Civil Procedure 17(C) for Immediate Appointment of Counsel for Joseph Mann [Docket No. 31; Filed June 14, 2007]; **(4)** Motion Pursuant to 28 U.S.C. § 2241 for Immediate Writ of *Habeas Corpus* [Docket No. 34; Filed June 14, 2007]; **(5)** Motion to Strike Replies Regarding Motion to Dismiss on the Basis of *Res Judicata* [Docket No. 44; Filed June 25, 2007]; **(6)** Motion to Enjoin Removal of Other Lawsuits to Federal District Court [Docket No. 60; Filed July 6, 2007]; **(7)** Motion for Declaratory Judgment in Light of *Panetti v. Quarterman,* 127 S. Ct. 2842 (Jun. 28, 2007), The Fourth Amendment, And *Harrington v. Wilson*, No. 06-1418 (10th Cir. Jul. 18, 2007); To Sever *Habeas* Motion; and for Expedited Briefing [Docket No. 70; Filed July 20, 2007]; **(8)** Emergency Motion for Extension of Time, To July 25, 2007, In Which to Respond to the State of Colorado's Motion to Dismiss and to Reply to the State of Colorado's and the Cirty [sic] of Lakewood Defendants' Respective Responses to the Motion to Remand; Emergency Motion for Leave to File Documents With the Court Via Fax Filings As Long As 20 Pages [Docket No. 72; Filed July 23, 2007]; **(9)** Motion for Leave to File Reply to the City of Lakewood Defendants' Response to Motion for Remand and Alternatively for Transfer Pursuant to 28 U.S.C. §1404(A) [Docket No. 74; Filed July 25, 2007]; **(10)** Motion for Leave to File Reply to Defendant State of Colorado's Response to Plaintiffs' Motion to Remand or Alternatively to Transfer Venue; Response to the State of Colorado's Motion to Dismiss [Docket No. 78; Filed July 25, 2007]; **(11)** Motion for Leave to File Reply to the City of Lakewood Defendants' Response to Motion for Remand and Alternatively for Transfer Pursuant to 28 U.S.C. §1404(A) [Docket No. 92; Filed August 24, 2007]; **(12)** Plaintiffs' Motion for Leave to File Their Reply to Golden Pond Defendants' Response to Motion for Declaratory Judgment [Docket No. 95; Filed August 27, 2007]; **(13)** Motion for <u>Emergency</u> Temporary Restraining Order [Docket No. 98; Filed August 31, 2007]; **(14)** <u>Emergency</u> Motion to Enjoin Defendant David R. Gloss From Further Probate-Court Filings Ostensibly On Behalf Of Joseph Mann; And Reply to Joinder of the State's Response to Plaintiffs' Motion for Emergency TRO [Docket No. 104; Filed September 25, 2007]; **(15)** Combined Motion for Voluntary Dismissal of Lawsuit Without Prejudice, and Motion for Recusal of Magistrate Judge Kristen L. Mix [Docket No. 121; Filed November 6, 2007]; **(16)** Motion for Temporary Restraining Order, and Preliminary and Permanent Injunction, and for Immediate Hearing or Other Preservation of Testimony of Joseph J. Mann [Docket No. 159; Filed December 13, 2007]; and **(17)** Withdrawal of Motion for Temporary Restraining Order and Preliminary and Permanent Injunction and For Immediate Hearing or Other Preservation of Testimony of Joseph J. Mann [Docket No. 161; Filed December 14, 2007].

3

been referred to this Court for recommendation. The Court has reviewed the pleadings, the entire case file, and the applicable law and is sufficiently advised in the premises. For the reasons set forth below, the Court respectfully **RECOMMENDS** that the Motions to Dismiss be **GRANTED** and that the Plaintiff's Motions be **DENIED AS MOOT**.

I.  **Statement of the Case**

Plaintiff Beverly Mann (hereinafter "Plaintiff B. Mann") commenced this litigation by filing a 90-page, 464-paragraph complaint in Denver District Court on or about November 26, 2006. Defendants Mary Munger, Janet Young and the City of Lakewood, Colorado, removed the case to this Court on May 17, 2007 [Docket No. 1].

Plaintiff B. Mann is a licensed attorney in the State of Illinois[3] and the daughter of co-Plaintiff Joseph J. Mann. Although not entirely clear, the lawsuit appears to concern two Colorado probate court orders that determined that Joseph Mann was incapacitated and that appointed Defendant Gayle King as his conservator. *Complaint,* ¶¶ 1-464. Plaintiff B. Mann had previously filed a substantially similar lawsuit in this Court on November 29, 2005 (hereinafter "the First Lawsuit").[4] That action, which Plaintiff B. Mann commenced by filing a 99-page, 463-paragraph complaint seeking similar relief against virtually the same defendants,[5] was dismissed *sua sponte* by the District Court in

---

[3] *See Mann v. Boatright,* 477 F.3d 1140, 1148 n.4 (10th Cir. 2007).

[4] Civil Action No. 05-cv-02413-REB-MJW.

[5] The First Lawsuit named three defendants who are not named in the present action: Donald Logan, "The Visitor," and Henry Melton. In addition, the First Lawsuit sought "an emergency writ of *habeas corpus* or other emergency writ," twelve specific declaratory judgments and "compensatory and

4

December of 2005 on the basis of lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).  *See First Lawsuit*, Civil Action No. 05-cv-02413-REB-MJW [Docket No. 15; Filed December 19, 2005].

Plaintiff B. Mann appealed the dismissal of the First Lawsuit to the Tenth Circuit Court of Appeals.  The appeal was pending when she filed the state court complaint which, as a result of removal of the case to federal court, is now at issue in the present lawsuit. On February 15, 2007, the Tenth Circuit upheld the District Court's dismissal of the First Lawsuit on the bases of the *Rooker-Feldman* doctrine,[6] failure to comply with Fed. R. Civ. P. 8, and Plaintiff B. Mann's lack of standing to bring *pro se* claims on behalf of her father, Joseph J. Mann.  *See Mann,* 477 F.3d at 1145-46.  The Tenth Circuit's opinion specifically found that Plaintiff B. Mann's attempts, in the complaint filed in the First Lawsuit, to state claims other than those which challenged the state court's guardianship and conservatorship orders were inadequate, and that her failure to comply with Fed. R. Civ. P. 8(a) "alone would have been sufficient reason to dismiss the complaint."  *Id.* at 1146, 1149.

Defendants have filed various motions to dismiss the complaint in the instant action asserting, *inter alia,* that Plaintiff's claims are barred by *res judicata,* lack of subject matter jurisdiction and failure to state a claim upon which relief may be granted.  Because I find

---

punitive damages." Complaint, Case No. 05-cv-02413, Docket No. 1 at 1-3, 96-99.  The current action seeks "declaratory and injunctive relief and monetary damages."  Complaint, Docket No. 1-2 at 1, 90.

[6]*Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923); *District of Columbia v. Feldman*, 460 U.S. 462 (1983).

5

that Plaintiff has failed to correct the deficiencies in her first complaint which resulted in the District Court's dismissal of the First Lawsuit for lack of subject matter jurisdiction and the appellate court's decision affirming that dismissal, I find that Plaintiff's claims should be dismissed pursuant to Fed. Rs. Civ. P. 12(b)(1), 12(b)(6), 8(a) and pursuant to the doctrine of *res judicata.*

## II.     Analysis

### A.     Legal Standards Applicable to Plaintiff's Claims

#### 1.     Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(1)

Subject matter jurisdiction is the Court's authority to hear a case and cannot be waived. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). When reviewing a facial attack on a complaint pursuant to Fed. R. Civ. P. 12(b)(1), the Court accepts the allegations of the complaint as true. *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). Importantly, the burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the Court must accept the allegations of the complaint as true. *See Holt,* 46 F.3d at 1002-03. Second, if a party attacks the factual

6

assertions regarding subject matter jurisdiction through affidavits and other documents, the Court may make its own findings of fact. *See id.* at 1003. The Court's consideration of evidence outside the pleadings, including affidavits, will not convert the motion to dismiss to a motion for summary judgment under Rule 56. *Id.* In this case, Defendants challenge the facial sufficiency of the complaint, and the Court therefore accepts Plaintiff's allegations as true.

### 2.  Motions to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

When deciding a Motion to Dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6), the Court must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the Plaintiff. *Erickson v. Pardus*, ____ U.S. ____, 127 S. Ct. 2197 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief. *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). That is, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *TON Servs., Inc. v. Qwest Corp.*, 493 F.3d 1225, 1235 (10th Cir. 2007). The complaint must sufficiently allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that <u>some</u> plaintiff could prove <u>some</u> set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that <u>this</u> plaintiff has a reasonable likelihood of mustering

factual support for <u>these</u> claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174 (10th Cir. 2007) (emphasis in original). Additionally, a court evaluating a complaint tested by a motion to dismiss may only consider the complaint and any documents attached to it as exhibits. *Erickson*, 127 S. Ct. at 2200 (evaluating sufficiency of complaint by reference only to the allegations of the complaint).

Finally, because Plaintiff here is proceeding *pro se*, the Court construes her pleadings liberally. *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003). Even so, Plaintiff retains "the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This burden remains because a "*pro se* plaintiff requires no special legal training to recount the facts surrounding [her] alleged injury, and [s]he must provide such facts if the court is to determine whether [s]he makes out a claim on which relief can be granted." *Id.*

**B.     Discussion**

Plaintiff B. Mann does not dispute that the complaint at issue in this case is substantially similar to the complaint dismissed in the First Lawsuit. She argues, "[t]he state also claims, inaccurately, that the complaint in this lawsuit is identical to the one in *Mann v. Boatright*; actually, although *identical in large part*, there are material distinctions, partly because the current complaint includes allegations about significant events that occurred after the complaint in the earlier lawsuit was filed." *Response to Motion to Dismiss* at 19 [Docket No. 78-2] (emphasis added). However, despite Plaintiff's

contention, the Court is at a loss to detect any "material distinctions" between Plaintiff's two complaints which cure the defects that doomed the earlier complaint.

As both the District Court and the Tenth Circuit determined in reviewing the earlier complaint, "the **Rooker-Feldman** doctrine bars 'a party losing in state court . . . from seeking what in substance would be appellate review of [a] state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'  If the orders of the state court do violate the rights of Beverly Mann or Joseph J. Mann, the courts of the state of Colorado have jurisdiction to address those alleged violations, and to remedy any violations." *First Lawsuit*, Case No. 05-cv-02413, Docket No. 15 at 6 (citation omitted).  "Nearly all of Beverly's claims against the individual defendants assert injuries based on the probate court judgments and, for her to prevail, would require the district court to review and reject those judgments.  As such, her claims are inextricably intertwined with the probate court judgments and are therefore barred by the *Rooker-Feldman* doctrine." *Mann,* 477 F.3d at 1147.  The legal principle on which both courts relied in the First Lawsuit is equally applicable to the complaint at issue in this case.  Plaintiff has stated no new facts which support the existence of subject matter jurisdiction in this court.  Accordingly, I recommend that the complaint be dismissed for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

Moreover, as the Tenth Circuit also held regarding Plaintiff's original complaint, any claims not barred by the *Rooker-Feldman* doctrine are fatally flawed pursuant to Fed. R.

Civ. P. 8(a).[7]  Rule 8 requires "a short and plain statement of the claim showing that the pleader is entitled to relief," a requirement that may test non-attorney *pro se* litigants, but should be easily met in pleadings filed by licensed attorneys like Plaintiff.  Not so here.  Like the defective complaint addressed by the Tenth Circuit, the complaint at issue in this case is "unintelligible, . . . neither identifies a concrete legal theory nor targets a particular defendant, and [is] wholly deficient."  *Mann,* 477 F.3d at 1148.  Accordingly, I further recommend that the complaint be dismissed pursuant to Fed. R. Civ. P. 8(a) and Fed. R. Civ. P. 12(b)(6).  *Alvarado,* 493 F.3d at 1215; *United States ex rel. Garst v. Lockheed-Martin Corp.,* 328 F.3d 374, 378-79 (7th Cir. 2003) (affirming dismissal for plaintiff's failure to conform complaint to pleading rules and collecting cases).

Furthermore, although it is clear that the complaint should be dismissed pursuant to Fed. Rs. Civ. P. 12(b)(1), 12(b)(6) and 8(a) for the reasons set forth above, this Court also recommends that the claims based on injuries allegedly resulting from state probate court judgments be dismissed pursuant to the doctrine of *res judicata*.  "Res judicata is an affirmative defense that 'encompasses two distinct barriers to repeat litigation: claim preclusion and issue preclusion.'" *Cory v. Fahlstrom*, 143 Fed. Appx. 84, 86 (10th Cir. June 29, 2005) (unpublished decision).  While claim preclusion applies only when the prior suit ended with a judgment on the merits, "issue preclusion prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter

---

[7] Like the Tenth Circuit panel, this Court is also at a loss to determine precisely what claims Plaintiff may have that are beyond the reach of *Rooker-Feldman* doctrine.  Nevertheless, out of an abundance of caution, the Court addresses the viability of any potential non-barred claims.

10

in the prior case and the party is reasserting an identical jurisdictional claim." *Id.* Although Plaintiff protests that she did not have a full and fair opportunity to litigate the merits of her probate-related claims in the First Lawsuit (presumably because her case was dismissed for lack of subject matter jurisdiction), she clearly had a full and fair opportunity to litigate the jurisdictional question itself. Having had that opportunity, Plaintiff is prevented from trying again. Not only did Plaintiff appeal the District Court's dismissal order to the Tenth Circuit, but she also filed a *writ of certiorari* with the United States Supreme Court, which declined to hear her case. *See Mann v. Boatright*, ___ U.S. ___, 28 S. Ct. 897 (2008). The federal court jurisdictional issue has been decided, and Plaintiff is prohibited by the doctrine of issue preclusion from litigating it again. *See, e.g., Park Lake Res. Ltd. Liability v. U.S. De'pt of Agr.*, 378 F.3d 1132, 1136 (10th Cir. 2004).

Finally, when a District Court lacks subject matter jurisdiction, it is required to remand the case to state court pursuant to 28 U.S.C. § 1447(c). *See generally Kinateder v. American Family Mut. Ins. Co.*, 2008 WL 525909 at *1 (D. Colo. Feb. 26, 2008); *Grynberg v. Grey Wolf, Inc.*, 2007 WL 4169430 at *1 (D. Colo. Nov. 20, 2007); *Edgy Communs., Inc. v. Corrado*, 2007 WL 3119630 at *1 D. Colo. Oct. 22, 2007). I therefore recommend that this case be remanded to state court.

### III. Conclusion

For the reasons set forth above, the Court recommends as follows:

(1) Defendants' **Motion to Dismiss on the Basis of Res Judicata** [Docket No. 4; Filed May 23, 2007] be **GRANTED**;

11

(2) **Defendant State of Colorado's Motion to Dismiss** [Docket No. 50; Filed July 2, 2007] be **GRANTED**;

(3) **Golden Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1) and (6)** [Docket No. 86; Filed August 10, 2007] be **GRANTED**;

(4) Plaintiff's remaining Motions referred to this Court [Docket Nos. 28; 29; 31; 34; 44; 60; 70; 72; 74; 78; 92; 95; 98; 104; 121;159; and 161] be **DENIED AS MOOT**; and

(5) The case be remanded to the District Court for the City and County of Denver pursuant to 28 U.S.C. § 1447(c).

FURTHER, IT IS **ORDERED** that pursuant to 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), the parties have ten (10) days after service of this Recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the district judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *In re Key Energy Res. Inc.*, 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

BY THE COURT:

                __s/ Kristen L. Mix_____

                United States Magistrate Judge

Dated:  March 6, 2008