IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01044-WDM-KLM

JOSEPH J. MANN, and
BEVERLY MANN,

    Plaintiffs,

v.

STATE OF COLORADO, *et al.*,

    Defendants.

---

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on a recommendation of Magistrate Judge Kristen L. Mix, issued March 6, 2008 (Docket No. 169), recommending that Defendants' motions to dismiss (Docket Nos. 4, 50, 86) be granted, Plaintiffs' motions be denied as moot (Docket Nos. 28, 29, 31, 34, 44, 60, 70, 72, 74, 78, 92, 95, 98, 104, 121, 159, 161), and the case be remanded to the District Court for the City and County of Denver.[1] Both sides have filed timely objections to the recommendation (Docket Nos. 171, 172, 173, 174, 175, 178, 179) and, therefore, are entitled to de novo review of the portions of the recommendation to which objection was made. 28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988). For the reasons set

---

[1] Magistrate Judge Mix also issued a recommendation on February 25, 2008 that Plaintiff Beverly Mann be held in civil contempt. This recommendation is not addressed in this Order.

PDF Final

forth below, I accept Magistrate Judge Mix's recommendation as modified.

## Background[2]

This case centers around Plaintiff Beverly Mann's ("Beverly") father, Plaintiff Joseph Mann ("Joseph"). Joseph is elderly and, since at least mid-2004, has suffered from Alzheimer's disease. Prior to his diagnosis, he executed a durable power of attorney in which he named Beverly his attorney-in-fact. In October 2004, Joseph came to Colorado to visit his granddaughter, Gayle King ("King"), and participate in a drug trial. While in Colorado, Joseph was hospitalized for a broken elbow during which his health deteriorated rapidly. After he left the hospital he executed a health-care power of attorney and a comprehensive power of attorney which revoked all previous powers of attorney, appointed King his attorney-in-fact, and stated that King was his preferred guardian should he become incapacitated. Acting through the power of attorney, King placed Joseph in a senior living facility and obtained a restraining order against Beverly. Beverly repeatedly attempted to visit Joseph at the assisted living facility but was unable to do so after November 2004.

On December 2, 2004 King filed a petition for guardianship and conservatorship. Beverly objected to these petitions arguing that Joseph was not of sound mind when he signed the power of attorney making King his attorney-in-fact and that King had manipulated Joseph into signing the documents. State court Judge

---

[2] These facts are taken both from the complaint and, because the complaint is excessively voluminous, complicated, and burdened with irrelevant details, the Tenth Circuit opinion affirming the dismissal of Plaintiffs' previous, almost identical, claim. *See Mann v. Boatright*, 477 F.3d 1140 (10th Cir. 2007).

Brian Boatright held a hearing on April 19, 2005 and subsequently granted the two petitions on May 9, 2005 and May 11, 2005. Joseph was not present at the hearing and Beverly was allegedly denied access to her father leading up and during the hearing and, therefore, could not demonstrate that he was not incapacitated. After Judge Boatright ruled, Beverly continued to contest the rulings but never filed an appeal with the Colorado Court of Appeals.

On November 29, 2005, Beverly filed a lawsuit on behalf of herself and Joseph[3] (collectively "Plaintiffs") against thirty-seven defendants including, *inter alia*, the State of Colorado ("Colorado"), state court judges involved in the probate proceedings, the cities and the police officers involved in the case, the assisted living centers where Joseph has lived, and King, in the United States District Court for the District of Colorado. Acting on its own motion, Judge Robert E. Blackburn dismissed the case for lack of jurisdiction under the *Rooker-Feldman* doctrine on December 19, 2005. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). While Beverly's appeal was pending in the Tenth Circuit she filed an admittedly "largely identical" complaint in District Court, Denver County, Colorado on November 26, 2006. (Compl. at 2.) The Tenth Circuit then issued its opinion affirming the dismissal based on the *Rooker-Feldman* doctrine and the complaint's failure to comply with the pleading requirements of Fed. R. Civ. P.

---

[3] There are questions whether Beverly has standing to assert the rights of her father and whether she can or is representing her father as an attorney. However, I decline to address these issues as I conclude that this Court does not have jurisdiction over this case. *See infra* note 5.

8(a).

Three months after the Tenth Circuit ruled, Defendants removed the case to this Court based on federal question jurisdiction. Six days after removal, Defendants Mary Munger, Janet Young, and the City of Lakewood, Colorado[4] filed a motion to dismiss (Docket No. 4) on res judicata grounds arguing that the Tenth Circuit's ruling on the previous case barred Plaintiffs' claims in the current case. Plaintiffs then filed a motion for remand (Docket No. 29) arguing that the case should either be remanded to state court or transferred to another United States District Court. Plaintiffs argued that she is unable to bring her claims in this Court due to the Tenth Circuit's holdings regarding her previous claim.[5] On July 2, 2007, Colorado[6] filed a motion to dismiss arguing, *inter alia*, that the case must be dismissed for lack of jurisdiction and for failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a). Finally, on August 10, 2007, Defendants the City of Golden, Chief William Kilpatrick, and Officer

---

[4] Defendants David R. Gloss, Gayle King, Stephanie D. Lorimer, Troy King, Golden Pond Senior Living, LLC, Carla Martin, Jefferson County Sheriff Ted Mink, Deputy Enrico Galimberti, and Deputy Doug Tait have joined this motion.

[5] The Tenth Circuit held that although Beverly does have standing to pursue claims on behalf of her father for deprivations of constitutional rights, *see In re Estate of Milstein v. Ayers*, 955 P.2d 78, 81 (Colo. Ct. App. 1998), she does not have standing to do so *pro se*. *Mann*, 477 F.3d at 1149–50. The Tenth Circuit also upheld the motions panel's decision finding Beverly in contempt for filing frivolous motions seeking unwarranted relief and ordered that Beverly "shall not be permitted to pursue additional appeals in this court until she provides adequate proof that she has complied with the sanctions imposed in this case." *Id.* at 1150. Plaintiffs' motion for remand argues that these two holdings prevent Plaintiffs' access to the courts and, therefore, the case should either be remanded or transferred.

[6] Defendants Jefferson County Sheriff Ted Mink, Deputy Enrico Galimberti, and Deputy Doug Tait have joined this motion.

Matt Jurischk filed a motion to dismiss (Docket No. 86) arguing that the case should be dismissed for failure to state a claim and for lack of jurisdiction. On November 6, 2007, Plaintiffs filed a "Combined Motion " for "Voluntary Dismissal" and recusal of Magistrate Judge Mix (Docket No. 121). However, Plaintiffs sought to withdraw the motion to dismiss on November 9, 2007 (Docket No. 124). Plaintiffs have also filed a variety of other motions since the case was removed that Magistrate Judge Mix recommends be denied as moot given the lack of jurisdiction.

## Discussion

1.  The Recommendation (Docket No. 169)

Magistrate Judge Mix recommends that Plaintiffs' case be dismissed and remanded pursuant to Fed. R. Civ. P. 12(b)(1) for lack of jurisdiction pursuant to the *Rooker-Feldman* doctrine, pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Fed. R. Civ. P. 8(a), and pursuant to the doctrine of res judicata as these issues were already determined by the Tenth Circuit. First, Magistrate Judge Mix concluded, just as the Tenth Circuit did with respect to Plaintiffs' first lawsuit, that the *Rooker-Feldman* doctrine bars Plaintiffs' claims. "The *Rooker-Feldman* doctrine prevents the lower federal courts from exercising jurisdiction over cases brought by state court losers challenging state court judgments rendered before the district court proceedings commenced." *Mann*, 477 F.3d at 1146 (quoting *Lance v. Dennis*, 546 U.S. 459 (2006)); *accord Bolden v. City of Topeka*, 441 F.3d 1129, 1139–43 (10th Cir. 2006). Furthermore, the doctrine prevents a federal court from hearing any claims that, even though not directly based on a state court judgment, are "inextricably

intertwined" with a state court judgment.  *Crutchfield v. Countrywide Home Loans & Mortgage Elec. Registration Sys.*, 389 F.3d 1144, 1147 (10th Cir. 2004) (citing *Feldman*, 460 U.S. at 483 n.16).  In this case, the vast majority, if not all of Plaintiffs' claims revolve around the state probate court proceedings and as such either directly challenge the state probate court proceedings or are "inextricably intertwined" with those proceedings.  Therefore, this Court lacks subject matter jurisdiction over Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine.  As I agree with Magistrate Judge Mix and no party has objected to this portion of the recommendation, it shall be accepted.

Second, Magistrate Judge Mix determined, just as the Tenth Circuit did with respect to Plaintiffs' first lawsuit, that the complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with the pleading requirements set forth in Fed. R. Civ. P. 8(a).  Rule 8(a) provides that "[a] pleading that states a claim for relief must contain . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it fails to comply with Fed. R. Civ. P. 8(a)(2)'s requirement of a short and plain statement and there appears to be no set of facts upon which relief may be granted.  *Monument Builders of Greater Kan. City, Inc. v. Am. Cemetery Ass'n*, 891 F.2d 1473, 1480 (10th Cir. 1989)); *accord Monroe v. Owens*, 38 Fed. Appx. 510, 513 (10th Cir. 2002) (unpublished) ("Under Rule 12(b)(6), a district court may dismiss with prejudice a complaint that fails to comply with Federal Rule of Civil Procedure 8(a)(2)'s requirement of a 'short and plain statement of the claim' if there appears to

be no set of facts on which the plaintiff may state a claim for relief." (quoting *Monument Builders*, 891 F.2d at 1480)); *Abdelsamed v. United States*, 13 Fed. Appx. 883, 884 (same). In this case, the complaint, just as the one deemed "prolix in evidentiary detail, yet without simplicity, conciseness, and clarity" by the Tenth Circuit, is excessively voluminous, unclear, and riddled with irrelevant details and opinions. *See Mann*, 477 F.3d at 1148. It is made "unintelligible 'by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Id.* (quoting *United States ex rel. Garst v. Lokheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003)). Therefore, dismissal is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) for failure to comply with Fed. R. Civ. P. 8(a). However, as discussed below, due to Plaintiffs' complaint, I am unable to determine which of Plaintiffs' claims are barred by *Rooker-Feldman* and which of Plaintiffs' claims should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only because they are all interrelated.

Finally, Magistrate Judge Mix recommends that the complaint be dismissed on res judicata grounds because the Tenth Circuit has previously determined both the jurisdictional question in this case and that a complaint largely identical to the one in this case failed to comply with Fed. R. Civ. P. 8(a). Res judicata bars a subsequent claim if four elements are met: "(1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit." *In re Mersmann*, 505 F.3d 1033, 1049 (10th Cir. 2007) (citing *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997)).

Although a dismissal for lack of jurisdiction is not "on the merits" as required for res judicata, such a ruling is given res judicata effect as to the limited issue of jurisdiction. *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 518 n.8 (10th Cir. 1994) (citing *Baldwin v. Iowa State Traveling Men's Asso'n*, 283 U.S. 522 (1931)). Alternatively, the doctrine of issue preclusion,[7] on which Magistrate Judge Mix relied, may be used to bar relitigation of a jurisdictional issue. *See Cory v. Fahlstorm*, 143 Fed. Appx. 84, 86 (10th Cir. June 29, 2005) (unpublished) ("[I]ssue preclusion prevents a party from relitigating a jurisdictional question when the party had a full and fair opportunity to litigate the matter in the prior case and the party is reasserting an identical jurisdictional claim."). In this case, the prior suit ended with a judgment on the jurisdictional question, the parties are essentially the same, the claims are essentially the same, and Plaintiffs had a full and fair opportunity to litigate the jurisdictional question.[8] Therefore, res judicata or issue preclusion bars the jurisdictional question from being relitigated in this lawsuit. However, like Magistrate Judge Mix, I do not conclude that the previous dismissal based on Fed. R. Civ. P. 8(a) bars the current

---

[7] "[I]ssue preclusion requires four elements: '(1) the issue previously decided is identical with the one presented in the action in question, (2) the prior action has been finally adjudicated on the merits, (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the prior adjudication, and (4) the party against whom the doctrine is raised had a full and fair opportunity to litigate the issue in the prior action.'" *Burrell v. Armijo*, 456 F.3d 1159, 1172 (10th Cir. 2006) (quoting *Dodge v. Cotter Corp.*, 203 F.3d 1190, 1198 (10th Cir. 2000)).

[8] Plaintiffs object that they did not have a full and fair opportunity to litigate the jurisdictional question in the previous lawsuit because their reply was not docketed by the Tenth Circuit in the appeal. However, Plaintiffs filed a motion to docket the reply and Plaintiffs petitioned the Supreme Court for certiorari, which was denied. *See Mann v. Boatright*, 128 S.Ct. 897 (2008). Furthermore, I will not insert myself into the docketing procedures of the Tenth Circuit.

action as I am not aware of any case that affords a dismissal on Fed. R. Civ. P. 8(a) grounds the same preclusive effect without a final judgment on the merits as a jurisdictional dismissal.

2.      Objections (Docket Nos. 171, 172, 174, 175, 178, 179, 181)

Defendants Colorado[9] and City of Golden, Chief William Kilpatrick, and Officer Matt Jurischk, object to the recommendation on the ground that Plaintiffs' "Combined Motion for Voluntary Dismissal of Lawsuit Without Prejudice, and Motion for Recusal of Magistrate Judge Kristen L. Mix" (Docket No. 121) operated as a notice of voluntary dismissal under Fed. R. Civ. P. 41(a)(1) and immediately divested this Court of jurisdiction. Colorado argues that, therefore, this case was dismissed without prejudice when Plaintiffs filed their voluntary dismissal motion on November 6, 2007 citing to *Janssen v. Harris*, 321 F.3d 998, 1000 (10th Cir. 2003). Plaintiffs respond that the filing was not a "notice of dismissal" but rather a "motion to dismiss" and, therefore, the filing did not automatically divest this Court of jurisdiction. Plaintiffs further argue that they withdrew the motion three days later and, as it is their prerogative to dismiss the case, is it also their prerogative to reinstate the case.

Fed. R. Civ. P. 41(a)(1) provides that a "plaintiff may dismiss an action without a court order by filing . . . (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." In the Tenth Circuit, Rule 41(a)(1) provides plaintiffs "an absolute right to dismiss without prejudice." *Janssen*, 321 F.3d at 1000. To be effective "no action is required on the part of the court";

---

[9] Defendants Golden Pond Senior Living, LLC and Carla Martin joined this objection.

PDF Final                                                9

rather, it is the filing of the notice itself that closes the file. *Id.* The Tenth Circuit further provides:

> " . . . There is nothing the defendant can do to fan the ashes of that action into life and the court has no role to play. . . . There is not even a perfunctory order of court closing the file. Its alpha and omega was the doing of the plaintiff alone. The effect of the filing of a notice of dismissal pursuant to Rule 41(a)(1)[(A)](i) is to leave the parties as though no action had been brought. Once the notice of dismissal has been filed, the district court loses jurisdiction over the dismissed claims and may not address the merits of such claims or issue further orders pertaining to them."

*Id.* (quoting *Duke Energy Trading & Mktg., LLC v. Davis*, 267 F.3d 1042, 1049 (9th Cir. 2001)); *accord Netwig v. Ga.-Pac. Corp.*, 375 F.3d 1009, 1011 (10th Cir. 2004). Therefore, if Plaintiffs' filing is construed as a notice of dismissal, then this entire matter is terminated without prejudice pursuant to *Janssen*. However, I conclude that, given Plaintiffs' immediate withdrawal of the motion and the actual phrasing of Plaintiffs' filing, the filing should be construed as a motion for the Court to dismiss the claim without prejudice. The filing is titled a "*Motion* for Voluntary Dismissal", makes no reference to Fed. R. Civ. P. 41(a)(1), and requests relief in the form of the Court's dismissal without prejudice of the claim. Finally, I note that, although Rule 41(a)(1) empowers a plaintiff to voluntarily terminate a proceeding without court action, it is my practice to take judicial notice of the dismissal on the record whenever a plaintiff files a notice or motion pursuant to Rule 41(a)(1). With that action on the record, every participant, including the clerk's office, has notice of the dismissal. Plaintiffs' motion was not considered by my chambers as a Rule 41(a)(1) notice of dismissal and, therefore, I did not take judicial notice. Accordingly, the clerk has considered this an ongoing proceeding. Therefore, this Court was not divested of jurisdiction and I will

address the three grounds for dismissal that Magistrate Judge Mix's recommendation contemplates.

In the alternative, Colorado also objects[10] that any claims dismissed pursuant to Fed. R. Civ. P. 8(a) should not be remanded as they are not subject to 28 U.S.C. § 1446(c)'s requirement of remand when a federal court lacks jurisdiction.[11] Colorado argues that remand is only appropriate for those claims that are barred by *Rooker-Feldman* and not those that are dismissed for failure to comply with Fed. R. Civ. P. 8(a). Plaintiffs respond that severance of the claims is not appropriate in this case. Although I agree with Defendant that 28 U.S.C. § 1447(c) does not require remand for claims dismissed pursuant to Fed. R. Civ. P. 8(a), I am unable to distinguish Plaintiffs' claims that are barred by *Rooker-Feldman* from those that are barred only by a failure to comply with Fed. R. Civ. P. 8(a). Due mainly to the inefficient and lengthy presentation of the claims in the complaint, all of Plaintiffs' claims appear interrelated and dependent upon one another and are nearly impossible to distinguish. Consequently, I am unable to dismiss the claims that should be dismissed for failure to comply with Rule 8(a) claims with prejudice and remand the remaining claims based on lack of jurisdiction. Therefore, I find it appropriate to remand the entire case.[12]

---

[10] Defendants Golden Pond Senior Living, LLC and Carla Martin joined this objection.

[11] 28 U.S.C. § 1447(c) provides: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

[12] I also note that Plaintiffs argue that any dismissal based on failure to comply with Fed. R. Civ. P. 8(a) is inappropriate because Plaintiffs have not been given leave

Finally, Colorado objects that Plaintiffs' complaints should not be liberally construed as a *pro se* plaintiff's filings because Beverly is a licensed attorney in the State of Illinois. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." (citing *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972))). However, none of my conclusions regarding the recommendation or the objections would be altered if I were decline to liberally construe Plaintiffs' pleadings; therefore I decline to address this issue.

Plaintiffs object to the recommendation on a number of grounds. First, they argue that because this Court lacks jurisdiction, it may not issue any order addressing the merits of the claims including ruling on Defendants' motions to dismiss. The motions to dismiss, however, deal with the jurisdictional issue itself; therefore, I conclude that ruling on the motions to the extent they deal with the jurisdictional issue is appropriate.

Plaintiffs further object to this Court ruling on the motions to dismiss because they believe their motion for remand should have been addressed first. Plaintiffs argue that, upon remand, 28 U.S.C. § 1447(c) allows for the award of "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." They argue that such an award is appropriate in this case because the Tenth Circuit's decision on Plaintiffs' previous lawsuit had already been rendered at the time the

---

to amend their complaint. As I am ordering remand of the entire case, I need not address whether Plaintiffs should be given leave to amend their complaint pursuant to Fed. R. Civ. P. 15(a)(2).

Defendants removed and Defendants themselves moved for dismissal based on lack of jurisdiction after asserting jurisdiction in the removal.  Although I agree there may have been some degree of forum shopping going on in this case, I cannot say that there was no objective basis for Defendants to assert federal jurisdiction in this case.  The Tenth Circuit expressly noted that Plaintiffs' previous lawsuit may contain some claims that were not barred by *Rooker-Feldman*.  Furthermore, the complaint is so extensive, prolix, filled with irrelevant details, and unclear that it is certainly objectively reasonable for a person to think that some of the constitutional allegations in the complaint would confer federal jurisdiction.  I also note that the motions to dismiss are not solely based on lack of jurisdiction but raise many other issues including governmental immunity, failure to comply with Fed. R. Civ. P. 8(a), and res judicata.  Finally, I note that Plaintiffs' motion to remand did not directly assert lack of jurisdiction under *Rooker-Feldman* as grounds for remand.  Therefore, I do not think that it is improper to rule on the motions to dismiss insofar as they assert jurisdictional grounds for dismissal.  I also do not find it appropriate to grant Plaintiffs any award of costs or expenses pursuant to section 1447(c) because Plaintiffs' own complaint makes it nearly impossible to determine what specific claims Plaintiffs assert.

Although Plaintiffs assert that they are "happy to accept" the holding in *Mann*, 477 F.3d at 1145–47, that *Rooker-Feldman* bars Plaintiffs' claims and have the case remanded to state court, they nonetheless argue that Defendants waived any objection to jurisdiction based on *Rooker-Feldman* by removing the case to federal court.  However, Plaintiffs cite no authority that the *Rooker-Feldman* jurisdictional bar

is waivable.  Furthermore, there is direct case law to the contrary.  *See Kenman Eng'g v. City of Union*, 314 F.3d 468, 479 (10th Cir. 2002), *overruled in part by Lance v. Dennis*, 546 U.S. 459 (2006) (recognizing that, in contrast to *Rooker-Feldman*, res judicata is an affirmative defense and can be waived); *Hachamovitch v. Debuono*, 159 F.3d 687, 696 n.2 (2d Cir. 1998) ("[P]reclusion defenses are generally affirmative and can be waived; *Rooker-Feldman* is jurictional and cannot."): *United States v. County of Muskegon*, 298 F.3d 569, 579 (6th Cir. 2002) ("Jurisdictional defects are not subject to waiver, however, so we are constrained to consider whether, under *Rooker-Feldman*, the district court lacked jurisdiction to approve the consent decree . . . . "); *Bates v. Jones*, 131 F.3d 843, 862 (9th Cir. 1997) ("[R]es judicata is a waivable defense, while infirmities to a court's subject matter jurisdiction (including *Rooker-Feldman* review) are not."); *Garry v. Geils*, 82 F.3d 1362, 1367 n.8 (7th Cir. 1996) ("*Rooker-Feldman* cannot be waived because it involves our subject matter jurisdiction.").  Therefore, Plaintiffs' argument has no merit.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Mix issued March 6, 2008 (Docket No. 169) is accepted as modified.
2. Defendants' motions to dismiss (Docket Nos. 4, 50, 86) are granted to the extent they seek dismissal based on lack of jurisdiction or res judicata and denied to the extent they seek dismissal based on any other grounds.
3. Plaintiffs' motion to withdraw their motion for voluntary withdrawal (Docket No. 124) is granted.

4. Plaintiffs' motion to remand (Docket No. 29) is granted to the extent it seeks remand on the basis of jurisdiction but denied to the extent it seeks remand for any other reason.

5. Plaintiffs' remaining motions are denied as moot (Docket Nos. 28, 31, 34, 44, 60, 70, 72, 74, 78, 92, 95, 98, 104, 121, 127, 132, 143, 151, 152, 153, 154, 159, 161, 165, 166)

6. This case is remanded to District Court, Denver County, Colorado.

DATED at Denver, Colorado, on March 31, 2008.

BY THE COURT:

s/ Walker D. Miller
United States District Judge