IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
JUDGE WALKER D. MILLER

Civil Action No. 07-cv-01044-WDM-KLM

JOSEPH J. MANN, and
BEVERLY MANN,

    Plaintiffs,

v.

STATE OF COLORADO, *et al.*,

    Defendants.

## ORDER ON MOTION FOR RECONSIDERATION

Miller, J.

This matter is before me on Plaintiffs' Motion for Ruling on Request for Reconsideration of Denial of 28 U.S.C. § 1447(c) Reimbursement of Expenses; Motion for Pronouncement of April 15 Order a Nullity (Docket No. 192). After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required. For the reasons that follow, the motion shall be denied.

### Background[1]

On November 29, 2005, Plaintiff Beverly Mann filed a lawsuit in federal court on behalf of herself and her elderly father, Joseph Mann. Judge Blackburn, acting on his own motion, dismissed the case for lack of jurisdiction based on the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of*

---

[1] For a full description of the relevant facts of the case, see my Order dated March 31, 2008 (Docket No. 186).

*Appeals v. Feldman*, 460 U.S. 462 (1983).  While Plaintiffs' appeal was pending in the Tenth Circuit, Ms. Mann filed an admittedly "largely identical" complaint in Denver District Court.  Subsequently, the Tenth Circuit affirmed Judge Blackburn's dismissal basing its decision on *Rooker-Feldman* and the complaint's failure to comply with the pleading requirements of Fed. R. Civ. P. 8(a).  Three months later, Defendants removed the Denver District Court case to this Court.  On motions to dismiss filed by the Defendants and a motion to remand filed by Plaintiffs, I ordered the case remanded to Denver District Court on March 31, 2008 for lack of jurisdiction and *res judicata* based on the Tenth Circuit's decision in Plaintiffs' first lawsuit.  (*See* Docket No. 186.)  I also denied Plaintiffs' request for costs associated with litigating the case in federal court after Defendants removed.  Plaintiffs now request reconsideration of that denial.  Plaintiffs originally included this request in a "Motion for Amendment of March 31, 2008 Order" (Docket No. 187) filed April 1, 2008.  However, I dismissed this motion for reconsideration for lack of jurisdiction as it was, in large part, a motion to reconsider the merits of the remand order (Docket No. 192).  Plaintiffs then renewed their motion for reconsideration of my denial of costs in the motion now before the Court (Docket No. 192).

Plaintiffs also request that I declare my April 15, 2008 Order prohibiting Ms. Mann "from communicating on an *ex parte* basis with me and my chambers staff by any means unless submitted by appropriate filing or submission through he Clerk of this court in accordance with D.C.COLO.LCivR 77.2" (Docket No. 189) a nullity.  Plaintiffs argue that, as the case has been remanded, I no longer have jurisdiction to enter such an Order and it is "defamatory and inaccurate as a matter of law."

2

Discussion

"The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.' Instead the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). In this case, Plaintiffs' original motion for reconsideration would ordinarily be considered a Rule 59(e) motion as it was filed within ten days of my Order. *See id.* (holding that Fed. R. Civ. P. 59(e) will govern when the motion for reconsideration is filed within ten days of the judgment). The original motion, however, was dismissed for lack of jurisdiction. Plaintiffs' second motion,[2] the one at issue now, was filed more then ten days after my Order and, therefore, should be considered under Rule 60(b) rather than under Rule 59(e). Plaintiff's motion, however, fails to state a basis for relief under either standard.

A motion for reconsideration is limited to a narrow set of circumstances. "[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. . . . It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. John Does, I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Van Skiver*, 952 F.2d at 1243). "Grounds warranting a motion to

---

[2] Although I do not have jurisdiction to reconsider my order of remand or the bases thereof, I do retain jurisdiction to reconsider the denial of costs. *See Topeka Hous. Auth. v. Johnson*, 404 F.3d 1245, 1248 (10th Cir. 2005) (citing *Martin v. Franklin Capital Corp.*, 393 F.3d 1143, 1144 (10th Cir. 2004); 14C Wright, Miller & Cooper, Federal Practice & Procedure: Jurisdiction 3d § 3740, at 523 (1998)).

reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id.* (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). This same standard has been applied to both Rule 59(e) motions, *see id.*; *Schlussler-Womak v. Chickasaw Tech Prod.*, 116 Fed. Appx. 950 (10th Cir. 2004) (unpublished),[3] and Rule 60(b) motions, *see Lyons v. N.M. Dep't of Corr.*, 12 Fed. Appx. 772, 773 (10th Cir. 2001) (unpublished); *Adams v. Anderson*, 12 Fed. Appx. 910, 914 (10th Cir. 2001) (unpublished). Rule 60(b) itself, however, provides explicit reasons for which relief may be granted:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(e); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Furthermore, it should be noted that "[r]elief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990).

Plaintiffs' motion for reconsideration presents no circumstances under which reconsideration is warranted.[4] My March 31, 2008 Order stated:

---

[3] Although the Tenth Circuit does not allow citation to unpublished opinions for precedential value, unpublished opinions may be cited for persuasive value. 10th Cir. R. 32.1.

[4] I note that, although I dismissed Plaintiffs' original motion for reconsideration (Docket no. 187), I must look to both Plaintiffs' original motion and her newest motion for reconsideration (Docket No. 192) for Plaintiffs' arguments for reconsideration as the

4

> Plaintiffs argue that, upon remand, 28 U.S.C. § 1447(c) allows for the award of "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." They argue that such an award is appropriate in this case because the Tenth Circuit's decision on Plaintiffs' previous lawsuit had already been rendered at the time the Defendants removed and Defendants themselves moved for dismissal based on lack of jurisdiction after asserting jurisdiction in the removal. Although I agree there may have been some degree of forum shopping going on in this case, I cannot say that there was no objective basis for Defendants to assert federal jurisdiction in this case. The Tenth Circuit expressly noted that Plaintiffs' previous lawsuit may contain some claims that were not barred by *Rooker-Feldman*. Furthermore, the complaint is so extensive, prolix, filled with irrelevant details, and unclear that it is certainly objectively reasonable for a person to think that some of the constitutional allegations in the complaint would confer federal jurisdiction. I also note that the motions to dismiss are not solely based on lack of jurisdiction but raise many other issues including governmental immunity, failure to comply with Fed. R. Civ. P. 8(a), and res judicata. . . . . I . . . do not find it appropriate to grant Plaintiffs any award of costs or expenses pursuant to section 1447(c) because Plaintiffs' own complaint makes it nearly impossible to determine what specific claims Plaintiffs assert.

The same factors that I relied upon in the March 31, 2008 Order to deny Plaintiffs' request for costs are applicable and persuasive now. Plaintiffs have presented no argument that meets the standards for reconsideration under either Rule 59(e) or Rule 60(b). They merely reassert the same grounds for reimbursement that were originally asserted prior to my March 31, 2008 Order, which is inappropriate in a motion for reconsideration. *See Servants of the Paraclete*, 204 F.3d at 1012 (citing *Van Skiver*, 952 F.2d at 1243). Plaintiffs have not demonstrated that there was a change in controlling law, newly discovered evidence, or the need to correct clear error or prevent manifest injustice, *see id.*, nor have they demonstrated the exceptional circumstances necessary under Rule 60(b), *see* Fed. R. Civ. P. 60(b); *Bud Brooks*

---

newest motion addresses jurisdiction to reconsider denial of costs rather substantive arguments for reconsideration.

*Trucking, Inc.*, 909 F.2d at 1440. Therefore, Plaintiffs' motion for reconsideration of my denial of costs to Plaintiffs for litigation in federal court after removal shall be denied.

I also conclude that Plaintiffs' argument that I lacked jurisdiction to enter my April 15, 2008 Order prohibiting Ms. Mann from communicating *ex parte* with me or my chambers staff is incorrect. Although I no longer have jurisdiction over the case, this does not affect my ability to control *ex parte* communications with my chambers. Furthermore, I note that the Order is not defamatory nor inaccurate as a matter of law. D.C.COLO.LCivR 77.2 prohibits a party from "contact[ing] orally a judicial officer regarding any case by telephone, in person, or through any other means, unless all other parties in the matter, or their attorneys are present or on the telephone." Ms. Mann has contacted my chambers regarding this case on various occasions and it was these communications toward which the Order was aimed. Therefore, Plaintiffs' motion to nullify the April 15, 2008 Order is denied.

Accordingly, it is ordered Plaintiffs' Motion for Ruling on Request for Reconsideration of Denial of 28 U.S.C. § 1447(c) Reimbursement of Expenses; Motion for Pronouncement of April 15 Order a Nullity (Docket No. 192) is denied.


DATED at Denver, Colorado, on May 12, 2008.
                                              BY THE COURT:


                                              s/ Walker D. Miller
                                              United States District Judge